UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JANET HILLER,

    Petitioner,

v.

WARDEN NEVEN, *et al.*,

    Respondents.

Case No. 2:19-cv-00260-RFB-GWF

**ORDER**

In this habeas corpus action, on March 16, 2020, the petitioner, Janet Hiller, represented by appointed counsel, filed a second amended habeas petition (ECF No. 24) and several supporting exhibits (ECF Nos. 25, 26, 27, 29).

On March 16, 2020, Hiller also filed a motion for leave to file one of her exhibits under seal (ECF No. 28). She requests leave to file under seal her Exhibit 29 (ECF No. 29) which consists of her medical records. On March 30, 2020, Respondents filed a notice stating that they do not opposed Hiller's motion to file Exhibit 29 under seal (ECF No. 31). There is a strong presumption in favor of public access to judicial filings and documents. *See Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). However, the court has inherent power over its own records and files, and access may be denied where the court determines that the documents may be used for "improper purposes." *Nixon*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430, 1433–34 (9th Cir. 1995); *Kamakana*, 447 F.3d at 1179; *see also* Fed. R. Civ. P. 5.2(d); LR IA 10-5. The documents that Hiller seeks to file under seal contain private medical information. The Court finds that there is good cause for these exhibits to be filed under seal and will grant Hiller's motion.

On March 16, 2020, Hiller also filed a motion for leave to conduct discovery (ECF No. 30), requesting leave of court to conduct discovery regarding the merits of her claims.

On March 30, 2020, Respondents filed a motion for extension of time (ECF No. 32), requesting until April 2, 2020, to respond to Hiller's motion for leave to conduct discovery. Respondents' counsel stated that the short extension of time was necessary because of difficulties caused by the COVID-19 outbreak. On April 2, 2020, Respondents filed their response to the discovery motion (ECF No. 33), and Petitioner replied on April 7, 2020 (ECF No. 34). The Court finds that Respondents' motion for extension of time was made in good faith and not solely for the purpose of delay, and that there is good cause for the extension of time requested. The Court will grant the motion for extension of time and treat Respondents' response to the discovery motion as timely filed.

Turning to Petitioner's motion for leave to conduct discovery (ECF No. 30), the Court determines that the motion is not properly presented and is premature at any rate.

Rule 6 of the Federal Rules Governing Section 2254 Cases allows a habeas petitioner to conduct discovery pursuant to the Federal Rules of Civil Procedure if the Court grants leave to do so. However, "[a] habeas petitioner ... is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The Court may grant leave for discovery "in the exercise of [its] discretion and for good cause shown." *Id.* Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Id.* at 908–09.

Hiller requests leave: to conduct a deposition of Detective Michael Queen; to conduct a deposition of Detective Brian Redsull; to conduct a deposition of "Queen and Redsull's boss who was at the meeting where Hiller signed the agreement;" to request production of Queen's text messages with Janet Hiller and Jean Hiller; to request production of Queen's phone records; to request production of "[l]aw enforcement records indicating Hiller worked for Queen;" and to request production of "prosecution files in cases related to Alann Gray, Michelle Sparks, and Zachariah Luz, indicating Hiller was

the source of any information." *See* Motion for Discovery (ECF No. 30), p. 6. Hiller does not, however, submit as exhibits the discovery documents—presumably, subpoenas—that she wishes to serve. The Court will not grant leave to conduct discovery without first viewing the proposed subpoenas or other discovery documents.

Moreover, Hiller's request for leave to conduct discovery regarding the merits of her claims is premature. Hiller does not show good cause for the discovery she requests relative to the merits of her claims, because it is yet to be seen whether Hiller's claims are procedurally viable, such that discovery is warranted. The scheduling order in this case states:

> Discovery. If Petitioner wishes to move for leave to conduct discovery, Petitioner shall file such motion concurrently with, but separately from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents shall file a response to any such motion concurrently with, but separately from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

Order filed April 23, 2019 (ECF No. 11). This scheduling provision allows for the petitioner to request discovery relative to a motion to dismiss if such discovery is necessary, and it allows for the petitioner to request discovery relative to the merits of her claims after the respondents have answered the claims. Here, Respondents have yet to file any response—whether a motion to dismiss or answer—to Hiller's amended petition, so it remains to be seen whether the claims on which Hiller seeks to conduct discovery are procedurally viable. In the interest of judicial economy, and the interest of conserving the resources of the parties and the targets of the proposed discovery, the Court will not grant leave to conduct this discovery, relative to the merits of Hiller's claims, at this time. If Hiller believes she needs to conduct discovery in response to a motion to dismiss, she may file a motion in conjunction with her response to such motion; if she believes she needs to conduct discovery relative to the merits of her claims, she may file a motion in conjunction

3

with her reply to Respondents' answer. *See id.* Hiller's current motion for leave to conduct discovery will be denied without prejudice.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Seal (ECF No. 28) is **GRANTED**. Petitioner is granted leave of court to file Exhibit No. 29 under seal. As that exhibit has already been filed under seal (ECF No. 29), no further action is necessary in this regard.

**IT IS FURTHER ORDERED** that Respondents' Motion for Enlargement of Time (ECF No. 32) is **GRANTED**. Respondents' response to Petitioner's motion for leave to conduct discovery (ECF No. 33) will be treated as timely filed.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Discovery (ECF No. 30) is **DENIED**, without prejudice.

DATED THIS 7th day of April, 2020.

**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**