UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JANET HILLER,<br><br>　　Petitioner,<br><br>　　v.<br><br><br>WARDEN NEVEN, *et al.*,<br><br>　　Respondents. | Case No. 2:19-cv-00260-RFB-EJY<br><br>**ORDER** |

　　This action is a petition for writ of habeas corpus by Janet Hiller, a Nevada prisoner. The Court appointed counsel for Hiller (ECF No. 5). With counsel, Hiller filed a First Amended Petition for Writ of Habeas Corpus on June 28, 2019 (ECF No. 12), and a Second Amended Petition for Writ of Habeas Corpus on March 16, 2020 (ECF No. 24).

　　On May 6, 2020, Hiller filed a motion for a stay of this action (ECF No. 36). In the motion for stay, Hiller concedes that, as set forth in her second amended habeas petition, two of her claims—Grounds 2 and 3—are unexhausted in state court. Hiller states that she believes that, with respect to each of those claims, she has available remedies in state court, and she seeks a stay of this action so that she can return to state court to pursue those remedies before proceeding with this case. Hiller states that the respondents do not oppose the motion for stay. The respondents did not file a response to the motion for stay.

　　In Rhines v. Weber, 544 U.S. 269 (2005), the United States Supreme Court circumscribed the discretion of federal district courts to impose stays to facilitate habeas petitioners' exhaustion of claims in state court. The Rhines Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate

1

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \* \* \*
>
> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

Rhines, 544 U.S. at 277–78.

The Court finds that Hiller has satisfied the standard under Rhines for a stay of this action, and the Court will grant her motion for stay and stay the action pending the completion of her further state-court proceedings. In reaching this conclusion, the Court takes into consideration Respondents' non-opposition to the motion for stay.

The Court's intention is that this will be the last time that the Court imposes a stay to facilitate Hiller's exhaustion of claims in state court. Hiller must exhaust all her unexhausted claims in state court during the stay imposed by this order.

**IT IS THEREFORE ORDERED** that Petitioner's Unopposed Motion for Stay (ECF No. 36) is **GRANTED**. This action is stayed, while the petitioner exhausts, in state court, her unexhausted claims for habeas corpus relief. The Clerk of the Court is directed to administratively close this case during the stay.

**IT IS FURTHER ORDERED** that following the conclusion of Petitioner's state-court proceedings, Petitioner must, within 30 days, make a motion to lift the stay of this action.

///

///

///

///

**IT IS FURTHER ORDERED** that this action will be subject to dismissal, upon a motion by Respondents, if Petitioner does not comply with the time limits in this order, or if she otherwise fails to proceed with diligence during the stay imposed by this order.

DATED THIS 22nd day of May, 2020.

_____
**RICHARD F. BOULWARE, II,**
**UNITED STATES DISTRICT JUDGE**