UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JANET HILLER,

    Petitioner,

v.

ATTORNEY GENERAL OF THE STATE OF NEVADA, *et al.*,

    Respondents.

Case No. 2:19-cv-00260-RFB-EJY

**ORDER**

    In this habeas corpus action, the respondents were due to file a response to Janet Hiller's third amended petition for writ of habeas corpus (ECF No. 46) by May 3, 2024. ECF No. 54.

    On April 26, 2024, Respondents filed exhibits. ECF Nos. 56, 57, 58, 59, 60, 61, 63. Along with those exhibits, Respondents filed two motions: a Motion to Waive Compliance with Local Rule (ECF No. 55) and a Motion for Leave to File Exhibit Under Seal (ECF No. 62).

    In the Motion to Waive Compliance with Local Rule, Respondents request that the Court waive application of Local Rule LSR 3-3(c), which states that the Court generally disfavors the filing of duplicate exhibits. ECF No. 55. Respondents state that because of the age and procedural history of this case, they prefer to file a complete, chronological set of exhibits, notwithstanding that some of those exhibits are duplicates of exhibits filed previously. Id. Hiller, who is represented by appointed counsel, did not respond to this motion. The Court finds that there is good cause to waive application of LSR 3-3(c) with respect to the exhibits filed by Respondents on April 26, 2024, and the Court will grant Respondents' motion.

    In the Motion for Leave to File Exhibit Under Seal, Respondents request leave of court to file one of their exhibits under seal, that exhibit being their Exhibit 15, a

1

presentence investigation report. ECF No. 62. Hiller did not respond to this motion. While there is a strong presumption in favor of public access to judicial filings and while courts prefer that the public retain access them, see Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978), a court may seal its records if a party demonstrates "compelling reasons" to do so. See Kamakana v. City & Cty. of Honolulu, 447 F.3d 1172, 1178–79 (9th Cir. 2006). "Compelling reasons" exist where the records could be used for improper purposes. Kamakana, 447 F.3d at 1179 (citing Nixon, 435 U.S. at 598). Under Nevada law, presentence investigation reports are confidential, and are not to be made part of a public record. See NRS 176.156(5). The presentence investigation report filed by Respondents contains sensitive confidential information that could be used for improper purposes. In view of the state law, and considering the nature of the information in the presentence investigation report, the Court finds that there is good cause for the exhibit to be filed under seal. The Court will grant this motion.

      On May 3, 2024, Respondents filed a motion for extension of time, requesting a 4-day extension of time—to May 7, 2024—to respond to Hiller's third amended habeas petition. ECF No. 65. Hiller did not respond to this motion. Respondents' counsel stated that the extension of time was necessary because of their workload. On May 7, 2024, Respondents filed a motion to dismiss the third amended petition as contemplated in the motion for extension of time. ECF No. 66. The Court finds that the motion for extension of time was made in good faith and not solely for the purpose of delay, and that there is good cause for the requested extension of time. The Court will grant the motion for extension of time and will treat the motion to dismiss (ECF No. 66) as timely filed. Hiller's response to the motion to dismiss is due July 8, 2024. See ECF No. 50 (60 days for response to motion to dismiss; July 6 is a Saturday).

      **IT IS THEREFORE ORDERED** that Respondents' Motion to Waive Compliance with Local Rule (ECF No. 55) is **GRANTED**. The exhibits in question have been filed. The Clerk of the Court need take no action with regard to this matter.

**IT IS FURTHER ORDERED** that Respondents' Motion for Leave to File Exhibit Under Seal (ECF No. 62) is **GRANTED**. Respondents are granted leave of court to file their Exhibit 15 under seal. As that exhibit has already been filed under seal (ECF No. 63-1), no further action is necessary with regard to this matter.

**IT IS FURTHER ORDERED** that Respondents' Motion for Enlargement of Time (ECF No. 65) is **GRANTED**. Respondents' Motion to Dismiss (ECF No. 66) will be treated as timely filed.

**DATED:** May 14, 2024

_____
**RICHARD F. BOULWARE, II UNITED STATES DISTRICT JUDGE**